# Mitchell *v.* Davis.

*Action against Probate Judge to recover the Statutory Penalty for issuing Marriage License to Minor without the consent of Parent or Guardian.*

1. *Amendment of complaint; what allowable.*—In a suit against a probate judge to recover the statutory penalty for issuing a marriage license illegally, the complaint may be amended, under sections 3155-6-7 of the Code of 1876, by an alteration of the mere descriptive names of the persons to whom the license was issued; such alteration does not constitute a change of the parties, nor a change of the form of action.

2. *Complaint; sufficiency of.*—Where the marriage license mistook the names of the parties it authorized to marry, the man's name being written therein *J. L. Arnold*, instead of *D. L. Arnold*; and the female's name being written *Ellen*, instead of *Nancy Ellen*, and the license being issued to these identical parties, a complaint, charging that the license was issued for the marriage of D. L. Arnold, by the name of J. L. Arnold, and Nancy Ellen Mitchell, by the name of Ellen Mitchell, averring the identity of the parties, is sufficient.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JOHN HENDERSON.

The original complaint filed in this cause, reads as follows :

" *James C. Mitchell v. D. L. Davis, Judge of Probate :* The plaintiff, who sues as well for the State as for himself, claims of the defendant, judge of probate of Randolph county, Alabama, five hundred dollars, for issuing to John A. Arnold a marriage license to marry one Nancy E. Mitchell, who was under 18 years of age, at the time of issuing such license,

without the consent of the parents or guardian of said Nancy E. Mitchell, the said Nancy not having had a former husband."

The complaint was afterwards amended, by adding a count, so as to read "the plaintiff claims, &c. (as in the original), for issuing to Isaac A. Arnold, alias Alonza Arnold, marriage license to marry one Nancy E. Mitchell, who was under 18," &c. (as in the original).

The defendant moved to strike the amended complaint, or second count, from the file, on the ground that it was "a radical departure from the original complaint;" which motion was granted by the court, whereupon the plaintiff asked leave to file the following additional count: "The plaintiff, who sues as well for the State of Alabama as for himself, claims of the said defendant, &c., . . five hundred dollars, for issuing to D. L. Arnold a marriage license to marry Ellen Mitchell, who was then under the age of eighteen years, and a daughter of plaintiff, to-wit: on the —— day of Feb., 1875, without the consent of the parents or guardian of said Ellen. Plaintiff avers that the John A. Arnold is one and the same identical person mentioned in the first count of plaintiff's complaint, and that he is as well known by the name of Lonzo or Alonzo, as he is by the name of D. L. Arnold. And plaintiff further avers, that said Nancy E. Mitchell mentioned in said first count, and Ellen Mitchell, mentioned in said license, is identically one and the same person to whom said defendant issued and delivered said license to marry."

The plaintiff then proved the identity of said persons as alleged, and introduced the license in evidence. On motion of defendant, however, said license and evidence were excluded from the jury, and exceptions reserved by plaintiff.

The defendant then moved to take a non-suit, with leave to set aside the same in the Supreme Court; which was granted.

The several rulings of the court, adverse. to plaintiff, as above noted, are now assigned as error.

Cicero D. Hudson, for appellant.—1. The court should have permitted the amendment offered.

2. It was the negligence of defendant that the names of the parties were not correctly set out, of which he should not be allowed to avail himself.

3. The amendment should have been allowed to be filed, and, if not sufficient, to have been amended.

4. The names of Arnold and Mitchell are in the license, &c., which it is insisted were sufficient to *amend* by.

[Mitchell v. Davis.]

5. If the ruling of the judge is right, we here have a wrong without a remedy.

6. The given name of the parties in the marriage license, &c., could be amended, and by proper averments, &c., show the parties for whom the license was intended, &c.—See 33 Ala. 110, 114, 115.

HUDSON & TEAGUE, *contra.*   (No brief came to Reporter.)

STONE, J.—1. The amended complaint, offered in this case, was neither a change of a sole party plaintiff or defendant, a change of the form of action, nor an entire change of the cause of action. It was only a change of the descriptive names of the persons to whom the marriage license was issued—one of the material averments in the complaint. This, we think, was allowable, under our liberal statutes of amendments.—Code of 1876, §§ 3155-6-7; 1 Brick. Dig. 73, 75; *Roddy Thomas v. The State*, at present term.

2. The license issued in this case mistook, to some extent, each of the names of the parties it authorized to marry. In the man's name, the initial letter D. was, by mistake, written J. The female's name was written Ellen, the name by which she was known, instead of Nancy Ellen, her full name. Still, the license was issued to these identical persons. We do not doubt that a complaint, charging the license was issued for the marriage of D. L. Arnold, by the name of J. L. Arnold, and Nancy Ellen Mitchell, by the name of Ellen Mitchell, averring the identity of the persons is sufficient. The second amended complaint is substantially what we have stated above, and is sufficient.

The judgment of the Circuit Court is reversed, the nonsuit set aside, and the cause remanded.